NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROLINE HARRIS, | No. 24-6904 |
| Plaintiff - Appellant, | D.C. No. 2:22-cv-01885-DLR |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted November 21, 2025[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HAWKINS and HURWITZ, Circuit Judges.

Caroline Harris appeals the district court's judgment affirming the Social Security Commissioner's denial of her application for Social Security Disability Insurance. Harris seeks disability benefits on account of cervical spondylosis,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ehlers-Danlos syndrome, mast cell activation syndrome, and migraines, among other impairments. An Administrative Law Judge ("ALJ") found that Harris has the residual functional capacity ("RFC") to perform sedentary work, with some limitations. The ALJ also found Harris capable of performing her past relevant work as a medical clerk.

We review the district court's decision affirming the ALJ's denial of benefits de novo and will reverse only if the ALJ's decision is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012) (citations omitted), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Substantial evidence is "more than a mere scintilla . . . and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up) (citation and internal quotation marks omitted). We affirm.

1. The ALJ properly discounted the medical opinion evidence of Drs. David Saperstein, Ronald Jorgensen, and Farjallah Khoury. An ALJ should consider several factors when assessing the persuasiveness of a medical opinion, including supportability, consistency, relationship with the claimant, and specialization of the medical source. 20 C.F.R. § 404.1520c(c). Of these factors, supportability and consistency are the most important. *Id.* at § 404.1520c(a). An ALJ must discuss the persuasiveness of each medical opinion and explain how the ALJ "considered the

supportability and consistency factors" in reaching these issues. *Id.* at § 404.1520c(b)(2).

The ALJ properly discounted Dr. Saperstein's checkbox opinions, which concluded, without explanation, that Harris has impairments that preclude an eight-hour workday. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740–41 (9th Cir. 2023) ("[W]e have accepted the discounting of a medical opinion set forth in a checkbox form with little to no explanation.") (citing *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020)). Dr. Saperstein checked boxes indicating that Harris can, in an eight-hour workday, sit for less than two hours, lift less than ten pounds, stand or walk less than two hours, and carry less than ten or fifteen pounds. The ALJ properly concluded that these opinions were not supported by objective medical evidence, including Dr. Saperstein's own notes that document normal vitals and do not include objective evaluations regarding Harris's limitations that support his conclusions. *See Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (quoting *Ford*, 950 F.3d at 1154) ("'The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"). The ALJ also noted that objective testing, including neurological testing, revealed normal findings and that other physician reports showed generally normal findings.

Similarly, the ALJ properly discounted Dr. Jorgensen's checkbox opinion,

which also concluded, without explanation, that Harris has impairments that preclude an eight-hour workday. Although the ALJ failed to address the consistency factor, *see* 20 C.F.R. § 404.1520c(b)(2), any error was harmless because Dr. Jorgensen's checkbox opinions are the same as Dr. Saperstein's checkbox opinions. Because the ALJ found Dr. Saperstein's opinion inconsistent with the evidence from other medical sources, the same conclusion applies to Dr. Jorgensen's opinion. As to supportability, the ALJ properly concluded that Dr. Jorgensen's opinion was unsupported by the objective medical evidence and therefore unpersuasive. The ALJ correctly stated that Dr. Jorgensen's clinic notes do not contain objective medical evidence that supports his opinion about Harris's physical abilities. *See Kitchen*, 82 F.4th at 740 (substantial evidence supported the ALJ's finding that a doctor's opinion was unpersuasive where the doctor's assessment of severe limitations was inconsistent with the doctor's own "unremarkable" examinations).

Finally, the ALJ properly discounted the opinion of Dr. Khoury, who opined that Harris suffers from severe fatigue, based on chronic migraine headaches and insomnia secondary to her conditions, and cannot complete an eight-hour workday. The ALJ relied on substantial evidence, including evidence that Harris's migraine treatments were improving her condition. The ALJ also reviewed Harris's activities of daily living and concluded that Harris's ability to provide care to her minor children, prepare simple meals, and grocery shop is inconsistent with Dr. Khoury's

24-6904

finding that Harris is unable to complete a workday due to headaches and insomnia.

2. The ALJ "provide[d] 'specific, clear and convincing reasons for' rejecting [Harris's] testimony regarding the severity of [her] symptoms." *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). For example, the ALJ reviewed the medical record about Harris's back pain and concluded that, although she experiences a degree of limitation, it is inconsistent with the alleged severity of her cervical spine pain. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.") (emphasis in original). Despite Harris's symptom testimony that fatigue limited her ability to engage in prolonged activity, the ALJ found that there was a record of alertness and that the medical record demonstrated that Harris's treatment was helpful. As to Harris's testimony regarding migraines, the ALJ relied on evidence suggesting treatments were effective. Although Harris argues that her migraines did not improve such that she can work full time, "[w]here the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Id.* at 494 (citation omitted).

Finally, the ALJ noted that Harris reported performing some largely independent daily activities, including driving a car, caring for minor children, and

grocery shopping, but found these activities to be inconsistent with the severity of Harris's allegations of cervical spine pain, migraines, generalized joint and muscle pain, and fatigue. Harris argues that the ALJ failed to consider that she needs help from family members to engage in her activities of daily living, such as child care; however, "even if [Harris's] explanation is a rational one, we will not disturb the ALJ's differing rational interpretation where the ALJ's interpretation is adequately supported." *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020).

By identifying inconsistencies between Harris's symptom testimony and the objective medical record, improvements with medication, and Harris's activities of daily living, the ALJ provided specific, clear, and convincing reasons for rejecting Harris's testimony regarding the severity of her symptoms.

**AFFIRMED.**